IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEMORY INTEGRITY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1804 (GMS) |
| | ) |
| INTEL CORPORATION, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

### DEFENDANT INTEL CORPORATION'S ANSWER TO MEMORY INTEGRITY, LLC'S COMPLAINT

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and without prejudice to its motion to transfer (D.I. 10), Defendant Intel Corporation ("Intel") answers the allegations of Plaintiff Memory Integrity, LLC's ("MI") Complaint for Patent Infringement ("Complaint") as follows:

### ANSWER

1. Intel admits that MI has alleged patent infringement in this action.

### THE PARTIES

2. Intel admits that MI is organized under Delaware law. Intel denies the remaining allegations of paragraph 2 of the Complaint.

3. Intel admits the allegations of paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4. Paragraph 4 contains conclusions of law to which no response is required.

5. Intel admits that it is organized under the laws of the state of Delaware. Intel denies that is has committed acts of patent infringement in the District of Delaware. The remaining allegations of paragraph 5 contain conclusions of law to which no response is required.

6. Paragraph 6 contains conclusions of law to which no response is required. As set forth in Intel's motion to transfer (D.I. 10), Intel denies that this is the most convenient venue for this litigation.

## THE PATENTS-IN-SUIT

7. Intel admits that the '121 patent is entitled "Reducing Probe Traffic in Multiprocessor Systems" and that the '121 patent on its face recites an issue date of November 13, 2007. Intel admits that Exhibit A to the Complaint purports to be a copy of the '121 patent. To the extent a further response is required, Intel denies the remaining allegations contained in paragraph 7.

8. Intel currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies the same.

9. Intel admits that the '636 patent is entitled "Methods and Apparatus for Speculative Probing of a Remote Cluster" and that the '636 patent on its face recites an issue date of September 5, 2006. Intel admits that Exhibit B to the Complaint purports to be a copy of the '636 patent. To the extent a further response is required, Intel denies the remaining allegations contained in paragraph 9.

10. Intel currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11. Intel admits that the '409 patent is entitled "Methods and Apparatus for Speculative Probing at a Request Cluster" and that the '409 patent on its face recites an issue date of September 12, 2006. Intel admits that Exhibit C to the Complaint purports to be a copy of the '409 patent. To the extent a further response is required, Intel denies the remaining allegations contained in paragraph 11.

12. Intel currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13. Intel admits that the '206 patent is entitled "Transaction Processing Using Multiple Protocol Engines" and that the '206 patent on its face recites an issue date of October 29, 2013. Intel admits that Exhibit D to the Complaint purports to be a copy of the '206 patent. To the extent a further response is required, Intel denies the remaining allegations contained in paragraph 13.

14. Intel currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

15. Paragraph 15 does not set forth allegations to which a response is required. Intel admits that MI purports to refer in its Complaint to the '121 patent, '636 patent, '409 patent, and '206 patent as the "patents-in-suit."

**COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,296,121**

16. Intel restates and incorporates by reference its responses to the allegations of paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Intel denies the allegations set forth in paragraph 17 of the Complaint.

18. Intel admits that it has had knowledge of the existence of the '121 patent since at least the date of service of this Complaint. Intel denies the remaining allegations of paragraph 18 of the Complaint.

19. Intel denies the allegations of paragraph 19 of the Complaint.

20. Intel denies the allegations of paragraph 20 of the Complaint.

21. Intel denies the allegations of paragraph 21 of the Complaint.

**COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,103,636**

22. Intel restates and incorporates by reference its responses to the allegations of paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Intel denies the allegations of paragraph 23 of the Complaint.

24. Intel admits that it has had knowledge of the existence of the '636 patent since at least the date of service of this Complaint. Intel denies the remaining allegations of paragraph 24 of the Complaint.

25. Intel denies the allegations of paragraph 25 of the Complaint.

26. Intel denies the allegations of paragraph 26 of the Complaint.

27. Intel denies the allegations of paragraph 27 of the Complaint.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 7,107,409

28. Intel restates and incorporates by reference its responses to the allegations of paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. Intel denies the allegations of paragraph 29 of the Complaint.

30. Intel admits that it has had knowledge of the existence of the '409 patent since at least the date of service of this Complaint. Intel denies the remaining allegations of paragraph 30 of the Complaint.

31. Intel denies the allegations of paragraph 31 of the Complaint.

32. Intel denies the allegations of paragraph 32 of the Complaint.

33. Intel denies the allegations of paragraph 33 of the Complaint.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 8,572,206

34. Intel restates and incorporates by reference its responses to the allegations of paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. Intel denies the allegations of paragraph 35 of the Complaint.

36. Intel admits that it has had knowledge of the existence of the '206 patent since at least the date of service of this Complaint. Intel denies the remaining allegations of paragraph 36 of the Complaint.

37. Intel denies the allegations of paragraph 37 of the Complaint.

38. Intel denies the allegations of paragraph 38 of the Complaint.

39. Intel denies the allegations of paragraph 39 of the Complaint.

## RESPONSE TO MI'S PRAYER FOR RELIEF

40. Intel denies that it is liable for any relief requested in the Prayer for Relief, including that requested in subparagraphs (a) through (d). Intel has not directly, indirectly, contributorily, and/or by inducement, literally and/or by the doctrine of equivalents infringed the patents-in-suit. MI is not entitled to recover statutory damages, compensatory damages, accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Intel. MI's prayer should, therefore, be denied in its entirety and with prejudice.

41. Intel asks that judgment be entered for Intel.

42. Intel denies any allegation in the Complaint not specifically admitted, including any allegations in any headings.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

43. The Complaint fails to state a claim upon which relief can be granted because Intel has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to MI.

### SECOND DEFENSE

44. MI is not entitled to any relief against Intel because Intel has not infringed and is not infringing, either directly, contributorily, or by inducement, either literally, or under the doctrine of equivalents, any valid and enforceable claim of any of U.S. Patent Nos. 7,296,121; 7,103,636; 7,107,409; or 8,572,206 (collectively, the "patents-in-suit").

**THIRD DEFENSE**

45. The claims of the patents-in-suit are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE**

46. The patents-in-suit are unenforceable against Intel because of one or more applicable equitable doctrines, such as estoppel, laches, waiver, acquiescence, or unclean hands.

**FIFTH DEFENSE**

47. The relief sought by MI is limited, in whole or in part, by any compensation received or sought by MI for its alleged patent rights from parties whose products incorporate any accused Intel products.

**SIXTH DEFENSE**

48. MI's right to seek damages and other remedies from Intel is limited by 35 U.S.C. §§ 286 and/or 287.

**SEVENTH DEFENSE**

49. Intel is exempt from liability for infringement in whole or in part to the extent that any of the alleged inventions described in and allegedly covered by the patents-in-suit are used, manufactured, or sold by or for Intel, its suppliers, and/or its customers pursuant to a license, either expressed or implied.

**EIGHTH DEFENSE**

50. Intel reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that

may now exist or in the future be available based on discovery and further investigation in this case.

## PRAYER FOR RELIEF

51. WHEREFORE, Intel respectfully requests that the Court enter Judgment:

    a) Denying all relief sought by MI;

    b) Dismissing MI's claims against Intel with prejudice;

    c) That this case is exceptional under 35 U.S.C. § 285 and awarding Intel its costs, attorneys' fees and expenses incurred in defending this action; and

    d) Awarding Intel such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

52. Intel demands a trial by jury as to all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
psaindon@mnat.com

*Attorneys for Intel Corporation*

OF COUNSEL:

Michael J. Summersgill
Jordan L. Hirsch
WILMERHALE
60 State Street
Boston, MA 02109
(617) 526-6000

Grant K. Rowan
WILMERHALE
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

January 24, 2014

7950958

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 24, 2014, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>STAMOULIS & WEINBLATT LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE  19809<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Timothy Devlin, Esquire<br>FARNEY DANIELS LLP<br>1220 Market Street, Suite 850<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jennifer Towle, Esquire<br>Bryan Atkinson, Esquire<br>FARNEY DANIELS PC<br>800 South Austin Avenue, Suite 200<br>Georgetown, TX  78626<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jonathan Baker, Esquire<br>FARNEY DANIELS PC<br>411 Borel Avenue, Suite 350<br>San Mateo, CA  94402<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Paul Saindon*

_____
Paul Saindon (#5110)